TARRANT COUNTY ICE SPORTS, INC., Michael Counts, Richard Noonan and Chris Castro, Appellants,

v.

EQUITABLE GENERAL LIFE INSURANCE COMPANY OF OKLAHOMA, Appellee.

No. 2–83–111–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 23, 1983.

Rehearing Denied Jan. 5, 1984.

Art Brender, Law Offices of Art Brender, Fort Worth, for appellants.

Donald K. King, Cantey, Hanger, Gooch, Munn & Collins, Fort Worth, for appellee.

Before JORDAN, HUGHES and JOE SPURLOCK, II, JJ.

## OPINION

JORDAN, Justice.

This is a suit for declaratory judgment brought by appellee, sometimes referred to as the Insurance Co., or as Equitable General, against appellants Tarrant County Ice Sports, Inc., Michael Counts, Richard Noonan, and Chris Castro, to determine its contractual obligation under a general liability insurance policy issued by it to appellant Tarrant County Ice Sports, Inc. Appellants will be referred to herein as Ice Sports, or Counts, Noonan, and Castro.

The declaratory judgment suit brought by the Insurance Co. involved the construction of an endorsement to the policy which the insurance company contended excluded coverage of the occurrence or events involved which led to this suit. The construction of that endorsement is the only issue before this court.

The trial court agreed with appellee insurance company, holding that the endorsement mentioned above was applicable to the facts here involved and that recovery by any and all of the appellants was precluded. A summary judgment in favor of the insurance company was granted.

We agree with the trial court and affirm.

On the evening of December 20, 1980, Counts, Noonan, and Castro, accompanied by three female companions, attended a hockey game sponsored by Tarrant County Ice Sports, Inc. at Will Rogers Coliseum in Fort Worth, Texas. At this particular game, beer was sold at twenty-five cents (25¢) per cup, as a promotional attraction. After the game, Counts, Noonan, and Castro, along with their female companions, were insulted, assaulted and attacked by one Kenneth Walker and his companions. During the course of this unprovoked attack and assault, Counts, Noonan, and Castro were each stabbed, wounded, and beaten.

As a result of this occurrence, Counts, Noonan, and Castro sued Ice Sports, the owner and operator of the Fort Worth hockey team playing that evening, alleging that each of them suffered severe injuries as a result of many and varied acts of negligence on the part of the defendant.

Ice Sports failed to answer this suit and after a full hearing, plaintiffs Counts, Noonan, and Castro, each were awarded monetary damages against Ice Sports, which shortly thereafter took bankruptcy. Ice Sports' rights, benefits, and cause of action under appellee's general liability insurance policy, were then assigned to Counts, Noonan and Castro.

Equitable General Life Insurance Co., as plaintiff, filed this declaratory judgment suit, against Ice Sports, Counts, Noonan and Castro, to determine whether or not it was compelled, under its policy, to defend Ice Sports and to pay any judgment result-

ing from the suit against Ice Sports by Counts, Noonan and Castro.

The insuring agreement in Equitable General's liability policy, in pertinent part, obligated Equitable General "[t]o pay on behalf of the assured [Ice Sports] all sums which the assured shall become obligated to pay by reason of the liability imposed upon him by law for damages, ... because of bodily injury, ... sustained by any person or persons caused by accident..."

"Accident" was defined in the policy "Conditions" to include "assault and battery not committed by or at the direction of the assured." Hence, if this were the only language in the policy concerning assault and battery, the insurance company would be obligated to defend the original suit for damages since the assault and battery alleged therein was committed by a party other than the insured. However, the policy contained an endorsement which read as follows:

"Notwithstanding anything contained herein to the contrary, it is understood and agreed in consideration of the premium charged, bodily injuries or death alleged to have been caused by ASSAULT AND/OR BATTERY shall not be deemed an accident or occurrence under this Policy and no coverage shall apply hereunder."

Appellants Counts, Noonan, and Castro claim that because their suit against Ice Sports alleged *negligence* on the part of Ice Sports and because they did not contend that Ice Sports or its employees or agents *assaulted* them, that their injuries should be covered under the policy. It is appellants' contention that the language of the endorsement limits the insurance company's liability to those instances where the bodily injury or death is alleged to have been caused by negligence.

■ In response to this contention, we quote from Paragraph 2 of appellant's original petition in the suit for damages filed against Ice Sports:

"After leaving the restroom, plaintiff Noonan rejoined the other two plaintiffs and their female companions and contin-

ued to move with the crowd toward the exit of the coliseum. At this point plaintiff Noonan was again accosted by the same Kenneth Walker who had joined another male and two female companions outside the restroom. Plaintiffs and their companions were insulted and loudly accused of sexual perversity and were threatened and challenged by Mr. Walker and those in his party. A scuffle ensued, whereupon Mr. Walker produced a knife with which he, during the course of the melee, stabbed each of the three unarmed plaintiffs, inflicting serious wounds upon each of them."

A plainer and more distinct assertion of assault and battery cannot be imagined. This was an assault and battery, pure and simple, and under the plain language of the policy endorsement was excluded from coverage under this policy.

Appellants argue that the exclusion fails to state against whom the allegation of bodily injury or death must be made or whether an assault and battery must actually occur. They point to the fact that the endorsement fails to set out who must be the assaultor, third parties or employees of the insured. Appellant's contention, simply put, is that the language of the endorsement concerning assault and battery is ambiguous, and therefore must be strictly construed against the insurance company.

We do not disagree with appellant's assertion that if the language of the insurance policy is ambiguous or is susceptible to more than one reasonable construction, the language should be construed in favor of the insured. This is sound law. However, we are not presented with such a situation here.

■ The language of the insurance policy, and of the endorsement which excludes from coverage bodily injuries or death alleged to have been caused by assault and/or battery, is clear and unambiguous. The policy insured Ice Sports against claims resulting from an "accident." However, the endorsement created an exception to such coverage by stating that "bodily injuries or

death alleged to have been caused by AS-SAULT AND/OR BATTERY shall not be deemed an accident or occurrence under this Policy" and that coverage is not provided for such injuries or deaths.

Despite the clear and unambiguous language of the assault and battery endorsement, appellants here contend that the "exclusion ... applies exclusively to and should be interpreted to apply to the acts of the insured and not the acts of third parties." We disagree.

To adopt appellant's argument would be to render the language of the endorsement totally meaningless and superfluous. The policy insuring agreement when coupled with the definition of "accident" contained in the policy conditions, provides coverage for injuries such as those sustained by Counts, Noonan, and Castro. However, in plain, simple language, the endorsement then *excludes* coverage for bodily injuries or death alleged to have been caused by assault and/or battery *by anyone.*

We consider the language of the endorsement as being a special provision of this policy, agreed to and made a part thereof by both insurer and insured, and that as a special provision, it controls over the more general policy definition of the term "accident" set out earlier in this opinion.

In their brief, appellants rely strongly on three cases, which they argue support their contentions here. Those cases are: *Heyward v. Republic Nat. Life Ins. Co.,* 527 S.W.2d 807 (Tex.Civ.App.—San Antonio 1975), *affirmed* 536 S.W.2d 549 (Tex.1976); *Southern Farm Bur. Cas. Ins. Co. v. Adams,* 570 S.W.2d 567 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.); and *Walker v. Lumbermen's Mutual Casualty Company,* 491 S.W.2d 696 (Tex.Civ.App.—Eastland 1973, no writ). We have carefully read those cases, as well as others cited by appellants. Without discussing the fact situations in those cases, we hold that each is distinguishable on its facts and in the various provisions contained in the insurance policies in those cases, and are not applicable to the case at bar.

The judgment is affirmed.