**Richard T. GARRISON, Jr., and Drink, Inc., d/b/a Stoneleigh P Restaurant, Appellants,**

v.

**FIELDING REINSURANCE, INC., Appellee.**

No. 05–88–01124–CV.

Court of Appeals of Texas, Dallas.

Feb. 1, 1989.

Rehearing Denied March 10, 1989.

Joseph O. Collins, Dallas, for appellants.

John H. McElhaney, Stewart H. Thomas, Dallas, for appellee.

Before ENOCH, C.J., and ASHWORTH[1] and STEPHENS[2], JJ.

ENOCH, Chief Justice.

This is an appeal from a summary judgment on a suit for declaratory judgment brought by appellee, Fielding Reinsurance, Ltd. (Fielding), against appellants, Richard T. Garrison, Jr. and Drink, Inc., d/b/a

---

1. The Honorable Clyde R. Ashworth, Justice, retired, Court of Appeals, Second District of Texas at Fort Worth, sitting by assignment.

2. The Honorable Bill J. Stephens, Justice, retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

Stoneleigh P Restaurant (collectively "Stoneleigh P"). The suit was to determine Fielding's contractual obligation under a general liability insurance policy issued by it to Stoneleigh P.

The trial court agreed with Fielding that an endorsement to the insurance policy excluding coverage for certain claims was applicable to the facts of this case and that recovery by Stoneleigh P was precluded. Thus, the trial court granted summary judgment in favor of Fielding. We agree with the trial court and affirm.

On September 14, 1986, Richard Simmons and his wife were returning to their car which was parked behind the Stoneleigh P. In the parking lot, they were assaulted by an unknown man who shot Richard Simmons to death.

As a result of this occurrence, Rosemary Simmons filed a wrongful death lawsuit styled *Rosemary Simmons, Individually, and as Representative of the Estate of Richard L. Simmons and as Next Friend of Christine Simmons, a Minor; Theresa Simmons; Mary Simmons Matzak; and Thelma Simmons v. DACML, Inc., d/b/a Stoneleigh Hotel and Drink, Inc., d/b/a Stoneleigh P Restaurant* (the "Simmons lawsuit"). That lawsuit in the 134th Judicial District Court of Dallas County has been stayed pending this appeal.

The Simmons sued Stoneleigh P on a negligence cause of action, alleging that Stoneleigh P knew or should have known that criminal activity had occurred in that vicinity, and that a foreseeable danger of criminal attack existed on the date of the occurrence. The Simmons alleged that the Stoneleigh P was negligent in failing to provide adequate security, in failing to warn the Simmons of the danger of criminal attack, in failing to properly inspect the premises in question, and in failing to provide adequate lighting in the parking lot where the incident occurred.

Fielding filed this declaratory judgment suit against Stoneleigh P to determine whether it was compelled, under its policy, to defend Stoneleigh P and to pay any judgment resulting from the Simmons lawsuit.

The policy contains an endorsement which reads as follows:

Not withstanding anything contained herein to the contrary, it is understood and agreed that this policy excludes claims arising out of assault and battery, whether caused by or at the direction of, the insured, his/her employee, patrons or any cause whatsoever.

## THE CLAIMS

■ In its first point of error, Stoneleigh P asserts that the district court erred in granting summary judgment, effectively ruling that the Simmons claims are "claims arising out of assault and battery," and thus excluded from coverage under the policy. Stoneleigh P contends that because the Simmons lawsuit alleged negligence on the part of Stoneleigh P rather than assault and battery that the suit is not a "claim arising out of assault and battery" and thus Fielding has an obligation to defend Stoneleigh P under the policy. Fielding responds by citing this court to *Tarrant County Ice Sports, Inc. v. Equitable Gen. Life Ins. Co. of Okla.*, 662 S.W.2d 129 (Tex.App.—Fort Worth 1983, writ ref'd n.r. e.).

A review of the facts in *Tarrant County Ice Sports* demonstrates a marked similarity to the facts in this case. There, several persons who had attended a hockey game sued the owner and operator (Ice Sports) of the hockey team after they were assaulted while leaving the coliseum. As a basis for their suit, they claimed that Ice Sports was negligent in selling twenty-five-cent beer during the game which contributed to the ensuing assault.

The policy which insured Ice Sports contained the following endorsement:

Notwithstanding anything contained herein to the contrary, it is understood and agreed in consideration of the premium charged, bodily injuries or death alleged to have been caused by assault and/or battery shall not be deemed an accident or occurrence under this Policy and no coverage shall apply hereunder.

**538**

The Fort Worth Court of Appeals disagreed with the plaintiffs' contention that since the suit alleged negligence rather than assault, the suit should be covered by the insurance policy, stating as follows: "A plainer and more distinct assertion of assault and battery cannot be imagined. This was an assault and battery, pure and simple, and under the plain language of the policy endorsement was excluded from coverage under the policy." *Tarrant County Ice Sports, Inc.,* 662 S.W.2d at 131.

We recognize that the exclusionary language of the policy before us differs from the language before our sister court, but this is a difference without distinction. *See Ross v. City of Minneapolis,* 408 N.W.2d 910 (Minn.Ct.App.1987). The Simmons would never have brought a lawsuit against Stoneleigh P absent the assault and battery committed by the unknown assailant. The endorsement in the insurance policy excludes claims arising out of assault and battery regardless of the cause. We overrule Stoneleigh P's first point of error.

## AMBIGUITY

In its second point of error, Stoneleigh P argues that by granting summary judgment the trial court must have determined that the endorsement was susceptible to one or more interpretations and then erred by not applying the interpretation that favored the insured. The essence of this point of error is that if the language of the endorsement is ambiguous, such ambiguity should have been resolved in favor of the insured.

Insurance policies are contracts and are controlled by rules of construction which are applicable to contracts generally. *Barnett v. Aetna Life Ins. Co.,* 723 S.W.2d 663, 665 (Tex.1987). When terms of an insurance policy are unambiguous, they are to be given their plain, ordinary and generally accepted meaning unless the instrument itself shows that the terms have been used in a technical or different sense. *Ramsay v. Maryland Am. Gen. Ins. Co.,* 533 S.W.2d 344, 346 (Tex.1976). Despite Stoneleigh P's arguments, the endorsement

is clear and unambiguous. The endorsement is susceptible only to the meaning given it by the trial court. Point of error two is overruled.

The judgment of the trial court is AFFIRMED.