The AUDUBON INDEMNITY COMPANY, Plaintiff,

v.

Bhurat PATEL d/b/a Magnolia Motel, Defendant.

Civ. A. No. H–92–3064.

United States District Court,
S.D. Texas,
Houston Division.

Jan. 29, 1993.

Katherine D. Hunt, Fulbright & Jaworski, Houston, TX, for plaintiff.

Joseph Richard McGoey, Houston, TX, for defendant.

ORDER

HITTNER, District Judge.

Pending before the Court is the motion to dismiss or to remand filed by defendant Bhurat Patel, individually and doing business as Magnolia Motel ("Patel"). Also pending before the Court is the motion for summary judgment filed by plaintiff the Audubon Indemnity Company ("Audubon"). Having considered the motions, the submissions and the applicable law, the Court determines that Patel's motion to dismiss should be denied and Audubon's motion for summary judgment should be granted.

At present, a lawsuit styled *Waylon Dockens v. Bhurat Patel d/b/a Magnolia Motel*, Number 92–034199, is pending in the 55th Judicial District Court of Harris County, Texas. In that action, Waylon Dockens ("Dockens") seeks damages from Patel as a result of an egregious assault and battery committed upon Dockens and his wife during their stay at Patel's Magnolia Motel. On May 16, 1991, Eugene Alvin Broxton forced his way into the Dockens' room at the Magnolia Motel, severely beat Dockens into unconsciousness, and fatally wounded Dockens' wife, Sheila, with a handgun.

The instant action for declaratory judgment presents the issue whether Patel's liability, if any, arising from the Dockens lawsuit is covered by commercial insurance policy number SMP 10 07 56 ("the insurance policy") issued by Audubon to Patel. Specifically, Audubon seeks a declaration that it owes no coverage to Patel under the insurance policy to indemnify Patel for any liabilities it may incur as a result of the assault and battery on Dockens' and his wife.

■ In its motion to dismiss or to remand, Patel argues that the instant action should be dismissed or remanded to state court because of the pendency of the Dockens lawsuit. This Court finds, as a matter of law, that the pendency of the related Dockens lawsuit does not preclude this Court from adjudicating the parties' rights and liabilities under the insurance policy.

*See e.g., Atlantic Mutual Fire Ins. Co. v. Cook,* 619 F.2d 553, 556 (5th Cir.1980). This Court further finds that federal diversity jurisdiction exists in the instant action. Therefore, there is no basis on which to dismiss or remand the instant action.

█ In its motion for summary judgment, Audubon seeks a declaration that the insurance policy's assault and battery exclusion precludes coverage and defense of the Dockens lawsuit. Upon reviewing the insurance policy and the assault and battery exclusion, this Court finds that, as a matter of law, the insurance policy excludes any coverage arising out of the assault and battery committed upon Dockens and his wife even if the legal theory for which Patel is found liable is negligence. *See Garrison v. Fielding Reinsurance, Inc.,* 765 S.W.2d 536 (Tex.App.—Dallas 1989, writ denied). *Accord United National Insurance Co. v. Entertainment Group, Inc.,* 945 F.2d 210 (7th Cir.1991); *Britamco Underwriter's Inc. v. Zuma Corp.,* 576 So.2d 965 (Fla.Dist.Ct.App. 1991); *Ross v. City of Minneapolis,* 408 N.W.2d 910 (Minn.App.1987); *Tarrant County Ice Sports, Inc. v. Equitable General Life Insurance Co.,* 662 S.W.2d 129 (Tex.App.—Fort Worth 1983, writ ref'd, n.r.e.).

Additionally, the instant motion for summary judgment is deemed unopposed as it was filed by Audubon on November 13, 1992, and no response has been filed by Patel. *See* Local Rule 6(E).

Based on the foregoing, it is

ORDERED that the motion to dismiss or to remand (Document # 4) is DENIED and the motion for summary judgment (Document # 6) is GRANTED. It is further ORDERED that Patel is entitled to no coverage under the insurance policy from Audubon for any liabilities arising out of the assault and battery committed upon Dockens and his wife.