The BURLINGTON INSURANCE
COMPANY, Appellant,

v.

MEXICAN AMERICAN UNITY
COUNCIL, INC. and Olga
Pena, Appellees.

No. 04–95–00519–CV.

Court of Appeals of Texas,
San Antonio.

Aug. 9, 1995.

---

Timothy B. Poteet, Sean E. Breen, Lea & Chamberlain, Austin, for appellant.

Jesse R. Castillo, Lynn B. Layne, Castillo & Layne Incorporated, San Antonio, for appellee.

Before CHAPA, C.J., and RICKHOFF and DUNCAN, JJ.

## OPINION

DUNCAN, Justice.

Appellant Burlington Insurance Company (Burlington) brought a declaratory judgment action seeking a declaration that it does not have any duty to defend appellees Mexican American Unity Council, Inc. and Olga Pena (collectively, MAUC) in an underlying lawsuit. The trial court determined that there were no issues of fact for the jury and denied Burlington's requested declaration. Burlington raises one point of error, asserting that it is entitled as a matter of law to a declaration that it has no duty to defend MAUC in the underlying lawsuit. We agree and, therefore, reverse and render.

## FACTS

Jessica Zertuche was a resident of a youth home run by MAUC. While off the premises, Zertuche was physically and sexually assaulted by an unknown person. Zertuche sued MAUC, alleging that it negligently al-lowed her to leave the residential premises and, as a result, caused her injuries arising out of the assault and battery.

At the time of the assault and battery, MAUC was insured by Burlington under an Owners', Landlords' and Tenants' Liability Insurance Policy. That policy recites generally:

> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
>
> A. bodily injury or
>
> B. property damage
>
> to which this insurance applies ... and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent....

However, an endorsement to the policy provides:

> It is agreed and understood that this insurance does not apply to bodily injury or property damage arising out of assault and battery or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of the insured, his employees, patrons or any other person.

## DUTY TO DEFEND

An insurer's duty to defend is determined by the allegations in the plaintiff's petition, considered in light of the policy provisions. *Argonaut Southwest Ins. Co. v. Maupin*, 500 S.W.2d 633, 635 (Tex.1973); *Duncanville Diagnostic Center, Inc. v. Atlantic Lloyd's Ins. Co.*, 875 S.W.2d 788, 789 (Tex.App.—Eastland 1994, writ denied). The petition is considered without regard to the truth or falsity of the allegations. *Argonaut Southwest Ins. Co.*, 500 S.W.2d at 635; *Duncanville Diagnostic Center, Inc.*, 875 S.W.2d at 789.

An insurer is required to defend only those cases within the policy coverage. Furthermore, the insurer is entitled to rely on the

plaintiff's allegations in determining whether the facts are within the coverage. If the petition only alleges facts excluded by the policy, the insurer is not required to defend.

*Fidelity & Guaranty Ins. Underwriters, Inc. v. McManus,* 633 S.W.2d 787, 788 (Tex.1982). Finally, in determining the duty to defend, the reviewing court must focus on the factual allegations demonstrating the origin of the damages rather than on the legal theories alleged. *Duncanville Diagnostic Center, Inc.,* 875 S.W.2d at 789; *Adamo v. State Farm Lloyds Co.,* 853 S.W.2d 673, 677 (Tex. App.—Houston [14th Dist.]), *writ denied,* 864 S.W.2d 491 (Tex.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1613, 128 L.Ed.2d 340 (1994); *Continental Casualty Co. v. Hall,* 761 S.W.2d 54, 56 (Tex.App.—Houston [14th Dist.] 1988, writ denied), *cert. denied,* 495 U.S. 932, 110 S.Ct. 2174, 109 L.Ed.2d 503 (1990).

There is no dispute in the present case regarding the allegations of Zertuche's lawsuit. In her second amended original petition, Zertuche alleges that MAUC was negligent in various respects, all of which resulted in Zertuche leaving the MAUC premises unsupervised. That negligence, however, did not alone cause Zertuche's damages. Rather, she alleges that an unknown male physically and sexually assaulted her and that she suffered further injuries while fleeing from this assailant. Burlington contends that it has no duty to defend the Zertuche lawsuit because Zertuche's claims against MAUC arise from assault and battery and are thus excluded by the endorsement. MAUC contends that Zertuche's claims are not excluded because she has sued MAUC for negligence rather than assault and battery.

Burlington cites two cases that are directly on point. *Tarrant County Ice Sports, Inc. v. Equitable Gen. Life Ins. Co.,* 662 S.W.2d 129 (Tex.App.—Fort Worth 1983, writ ref'd n.r.e.); *Garrison v. Fielding Reinsurance, Inc.,* 765 S.W.2d 536 (Tex.App.—Dallas 1989, writ denied). In *Tarrant County,* three patrons of a hockey game sued Ice Sports for injuries suffered during a brawl following the game. They alleged that Ice Sports was negligent in various respects, but also alleged that their injuries were caused when they were beaten and stabbed by one Kenneth Walker and his companions. Equitable General filed a declaratory judgment action to determine its contractual obligation to defend Ice Sports and to pay any judgment resulting from the patrons' suit. The policy in issue contained an endorsement stating that bodily injuries or death alleged to have been caused by assault and/or battery were excluded from coverage. *Id.* at 131. The patrons argued that their claims were not excluded because they alleged negligence on the part of Ice Sports, rather than assault and battery. The court disagreed:

> A plainer and more distinct assertion of assault and battery cannot be imagined. This was an assault and battery, pure and simple, and under the plain language of the policy endorsement was excluded from coverage under this policy.

*Id.*

Appellants in *Garrison* were defendants in a wrongful death suit filed by Rosemary Simmons for the shooting death of her husband in a parking lot behind the Stoneleigh P. Simmons alleged that Stoneleigh P was negligent in failing to provide adequate security, in failing to warn of the danger of criminal activity, in failing to properly inspect the premises, and in failing to provide adequate lighting. *Id.* at 537. Stoneleigh P's insurer filed a suit for declaratory judgment to determine its contractual obligation to defend Stoneleigh P and to pay any judgment resulting from the Simmons lawsuit. The policy at issue contained an endorsement excluding claims "arising out of assault and battery, whether caused by or at the direction of, the insured, his/her employee, patrons or any cause whatsoever." *Id.* Stoneleigh P argued that the exclusion did not apply because the Simmons lawsuit alleged negligence rather than assault and battery. The Dallas Court of Appeals reviewed the opinion of the Fort Worth Court of Appeals in *Tarrant County* and rejected Stoneleigh P's argument. It concluded that, because Simmons would not have brought suit against Stoneleigh P absent the assault and battery, the claim was one arising out of assault and

battery and the endorsement applied. *Garrison,* 765 S.W.2d at 538.

■ While *Tarrant County* and *Garrison* are not controlling authority, we find the holdings in those cases persuasive. They cannot be distinguished from the present case. Assuming the truth of the factual allegations in Zertuche's second amended original petition, it is clear that the origin of Zertuche's damages is an assault and battery. *See Duncanville Diagnostic Center, Inc.,* 875 S.W.2d at 789; *Adamo,* 853 S.W.2d at 677; *Continental Casualty Co.,* 761 S.W.2d at 56. To paraphrase the court in *Garrison,* Zertuche would never have brought a lawsuit against MAUC absent the assault and battery. *See Garrison,* 765 S.W.2d at 538. Under the plain language of the insurance policy, this claim is excluded, not only from coverage but from the duty to defend. *Fidelity & Guaranty Ins. Underwriters, Inc.,* 633 S.W.2d at 788 (no duty to defend when petition alleges claim outside coverage).

## CONCURRENT CAUSATION

MAUC attempts to circumvent the holdings of *Tarrant County* and *Garrison* by arguing that there is concurrent causation in this case: (1) the negligence of MAUC and Pena in allowing Zertuche to leave the premises; and (2) the assault by an unknown assailant. It asserts that because one of those causes is insured, Burlington has a duty to defend. In support of this proposition, MAUC cites *Warrilow v. Norrell,* 791 S.W.2d 515 (Tex.App.—Corpus Christi 1989, writ denied), *Guaranty Nat'l Ins. Co. v. North River Ins. Co.,* 909 F.2d 133 (5th Cir.1990), and *Commercial Union Ins. Co. v. Roberts,* 7 F.3d 86 (5th Cir.1993). We will examine each in turn.

The lawsuit in *Warrilow v. Norrell,* 791 S.W.2d 515 (Tex.App.—Corpus Christi 1989, writ denied), arose out of a tragic hunting accident. Carlton Norrell, William Kerr, and another man were returning from a hunting trip when the Jeep in which they were riding got a flat tire. While Norrell was starting to remove the lug nuts, Kerr, intending to assist in changing the tire, removed his fully loaded pistol from his belt to place it inside the Jeep. He dropped the pistol, which discharged, killing Norrell. Kerr was insured under a policy underwritten by Warrilow. The policy provided coverage for bodily injury arising out of the use of firearms while hunting, but excluded coverage for bodily injury "arising out of the ownership, maintenance, operations, use, loading or unloading" of any automobiles. *Id.* at 518. Warrilow asserted that the accident arose out of the maintenance and loading of an automobile and therefore was excluded from coverage. The plaintiffs, however, asserted that the accident arose out of Kerr's negligence. *Id.* at 525. The Corpus Christi court concluded that Kerr's liability could be based solely on his negligent handling of his gun and that the decision to place the gun in the Jeep, as well as the changing of the tire, were "mere happenstance." *Id.* at 526. Thus, the claim was not excluded.

In *Guaranty Nat'l Ins. Co.,* 909 F.2d 133 (5th Cir.1990), a psychiatric patient committed suicide by jumping out a fourth floor window of Texarkana Memorial Hospital. The windows in the "open" unit where the patient had been placed were screwed shut; windows in the "closed" unit were covered by fixed, protective screens. The administrator of the patient's estate sued the hospital, alleging failure to properly monitor and observe, failure to maintain the windows to prevent suicide, and failure to maintain an adequate staff of properly trained personnel. *Id.* at 134. The insurance policy at issue excluded coverage for bodily injury occurring as a result of the rendering or failure to render "any service or treatment conducive to health or of a professional nature." *Id.* at 135.

The Fifth Circuit held that, in Texas, an insurer is liable when a loss "is caused by a covered peril and an excluded peril that are *independent causes* of the loss." *Id.* at 137 (emphasis added). The insurer "is not liable only when a covered peril and an excluded peril *concurrently cause* a loss." *Id.* (emphasis added). The covered peril in *Guaranty National* was the failure to properly maintain the windows. The excluded peril was failure to observe and monitor the patient properly. Based on the facts before it, the

court concluded that North River was liable under its policy "notwithstanding that the loss was caused, in part, by an excluded loss." *Id.*

Both *Warrilow* and *Guaranty National* are clearly distinguishable from the present case because the covered causes of action were separate and independent causes of the damages alleged. This distinction was made clear in *Commercial Union Ins. Co. v. Roberts,* 7 F.3d 86 (5th Cir.1993), in which the court stated that in both *Warrilow* and *Guaranty National* "the injury in question triggered coverage because the injury was caused *in fact* by two or more *independent* acts." *Id.* at 88–89 (emphasis added). In *Commercial Union,* however, the claim of negligence was not a cause in fact independent of the excluded cause (intentional injury):

> [I]n the instant case, the allegations are not severable and distinct. Dr. Roberts' intentional acts and his negligent acts converge. The allegations are not mutually exclusive; rather, they are related and interdependent. Without the underlying sexual molestation there would have been no injury and obviously, no basis for a suit against Dr. Roberts for negligence.

*Id.* at 89–90. Thus, the insurer had no duty to defend. *Id.* at 90.

The present case is similar to *Commercial Union* in that the allegations of negligence against MAUC and the allegations of assault and battery against the unknown assailant are related and interdependent. The assault and battery was not "mere happenstance." Without the underlying assault and battery, there would have been no injury and no basis for suit against MAUC for negligence.

Our review of the cases cited by both parties leads to but one conclusion: Assuming the truth of the factual allegations contained in Zertuche's second amended original petition, *see Argonaut Southwest Ins. Co.,* 500 S.W.2d at 635, the origin of her damages is the assault and battery, which is not separate and independent from the alleged negligence of MAUC. Accordingly, the petition alleges a claim outside the scope of coverage of the insurance policy because of the assault and battery endorsement. *See Commercial Union Ins. Co.,* 7 F.3d at 89. Therefore, since the face of the petition establishes that there is no coverage, Burlington has no duty to defend MAUC in the Zertuche lawsuit. *See Fidelity & Guaranty Ins. Underwriters, Inc.,* 633 S.W.2d at 788. Burlington's sole point of error is sustained.

## ATTORNEYS' FEES

In one cross point, MAUC contends that if this court holds that the request for declaratory judgment was improperly denied, it should not render judgment for attorneys' fees because Burlington waived its claim by not submitting the issue to the jury. We disagree.

When asked at trial whether it was going to submit the issue of attorneys' fees to the jury, Burlington responded that it was not because, "under the declaratory judgment act that's for the Court." MAUC raised no objection and made no response. The court later stated, "I can make a finding. I need to make a finding here, I think, with respect to the attorney's fees." Again, MAUC did not raise any objection and declined an offer to present argument on the issue of attorneys' fees. The court then found that, had it granted the declaration requested, reasonable attorneys' fees would have been $6,000 for trial, $3,000 for appeal to the court of appeals, and $2,000 for appeal to the Texas Supreme Court.

MAUC now contends that the amount of reasonable attorneys' fees is a fact question for the jury and the court should not have made a finding because the issue was not submitted to the jury. The record before us, however, establishes that the issue was affirmatively submitted to the trial court, rather than the jury, without objection from MAUC. MAUC's failure to object to submission of the issue to the court waives its complaint on appeal. TEX.R.APP.P. 52(a). MAUC's cross-point is overruled.

## CONCLUSION

The judgment of the trial court is reversed and judgment is rendered that Burlington Insurance Company has no duty to defend Mexican American Unity Council, Inc. and

Olga Pena in the lawsuit styled, *Sarah Zertuche, individually and as next friend of Jessica Zertuche, a Minor v. Mexican American Unity Council, Inc. and Olga Pena,* cause number 94–CI–05672, pending in the 225th Judicial District Court of Bexar County, Texas. Burlington Insurance Company is entitled to recover from Mexican American Unity Council, Inc. and Olga Pena, jointly and severally, attorneys' fees in the following amounts: (1) $6,000 for trial; (2) $3,000 for appeal to the court of appeals; and (3) $2,000 in the event of an appeal to the Texas Supreme Court. Costs of this appeal are assessed against the Mexican American Unity Council, Inc. and Olga Pena, jointly and severally.