**CENTURY SURETY COMPANY,**

v.

**Lamon CASTLE, Jeannett Castle, Individually, and Quail Manor Apartments.**

**Civil Action No. G–98–642.**

United States District Court,
S.D. Texas,
Galveston Division.

July 23, 1999.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

KENT, District Judge.

Plaintiff Century Surety Company brings this declaratory judgment action seeking a declaration that it does not have a duty to defend or indemnify Defendants, Lamon and Jeannett Castle and Quail Manor Apartments, in a state court lawsuit. Now before the Court is Plaintiff's Motion for Summary Judgment, filed May 24, 1999. For the reasons set forth below, the Motion is hereby **GRANTED**.

## I. FACTUAL BACKGROUND

Donna Hoedt was assaulted on April 3, 1996, and died as a result of injuries she sustained in the assault. Michael William Arnold was convicted of assaulting her and causing her death. Ms. Hoedt was attacked in her apartment, located within Quail Manor Apartments, which were owned and operated by Lamon and Jeannett Castle. At the time of the attack, Lamon and Jeannett Castle were the named insureds under an insurance policy, policy number CCP–121750 (the "policy"), issued by Century Surety Company.

Ms. Hoedt's mother filed a state court lawsuit in the 239th Judicial District Court of Brazoria County stating causes of action for negligence and gross negligence against Quail Manor Apartments and its employees as well as against Michael Arnold. The gravamen of the Complaint against Quail Manor is an alleged failure to properly secure the premises and a failure to investigate complaints regarding violence on the premises. Plaintiff Century Surety Company argues that under the language of the insurance policy, it has no obligation to defend or indemnify Quail Manor Apartments in the state court lawsuit.

 Plaintiff filed suit in this Court on December 28, 1998. On May 6, 1999, the Court held a scheduling conference. De-

J. Preston Wrotenbery, Magenheim Bateman et al., Houston, TX, for Century Surety Company, plaintiff.

fendants failed to appear at the conference and were admonished on the record that they stood in default before the Court for failing to appear and for failing to file any responsive pleadings in the case. Furthermore, the Court set June 4, 1999, as the deadline for responding to dispositive motions and exhorted Defendants to retain counsel. To this date, Defendants have failed to appear and have failed to file any responsive pleadings. Regardless of the Court's irritation with Defendants for failing to appear and failing to comply with the Court's Orders, the Court cannot, as a matter of law, grant Plaintiff's Motion for Summary Judgment solely on the grounds that it appears unopposed. *See, e.g., Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir.1985). Accordingly, the Court will consider the merits of Plaintiff's argument and will conduct its analysis at arm's length.

## II. ANALYSIS

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R.Civ.P. 56. Rule 56(e) requires that when a motion for summary judgment is made, the nonmoving party must set forth set forth specific facts showing that there is a genuine issue for trial. *Id.; see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *Anderson*, 477 U.S. at 247–48, 106 S.Ct. at 2510. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *Id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

■■■■ An insurer's duty to defend is determined by the allegations in the plaintiff's petition, considered in light of the policy provisions. *See Argonaut Southwest Ins. Co. v. Maupin*, 500 S.W.2d 633, 635 (Tex.1973); *Duncanville Diagnostic Ctr., Inc. v. Atlantic Lloyd's Ins. Co.*, 875 S.W.2d 788, 789 (Tex.App.—Eastland 1994, writ denied). The petition is considered without regard to the truth or falsity of the allegations. *See Argonaut Southwest Ins. Co., 500 S.W.2d at 635; Duncanville Diagnostic Ctr., Inc.*, 875 S.W.2d at 789. An insurer is required to defend only those cases within the policy coverage. Furthermore, the insurer is entitled to rely on the plaintiff's allegations in determining whether the facts are within the coverage. If the petition only alleges facts excluded by the policy, the insurer is not required to defend. *See Fidelity & Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex.1982). Finally, in determining the duty to defend, the reviewing court must focus on the factual allegations demonstrating the origin of the damages rather than on the legal theories alleged. *See Duncanville Diagnostic Ctr., Inc.*, 875 S.W.2d at 789; *Adamo v. State Farm Lloyds Co.*, 853 S.W.2d 673, 677 (Tex. App.—Houston [14th Dist.] 1993, writ denied); *Continental Cas. Co. v. Hall*, 761 S.W.2d 54, 56 (Tex.App.—Houston [14th Dist.] 1988, writ denied).

■■■ In the instant case, the underlying state court lawsuit names Michael Arnold and Quail Manor Apartments as the defendants. The declaration section of the insurance policy at issue states that the named insureds are Lamon and Jeannett Castle, and lists no other insureds. The relevant provision of Section II of the insurance policy defines an insured as follows:

1. If you are designated in the Declaration as:

    1. An individual, you and your spouse are insureds, but only with respect

to the conduct of a business of which you are the sole owner.

Therefore, under the clear language of the policy, Quail Manor Apartments is neither a named insured nor an additional insured under the terms of the policy. Lamon and Jeannett Castle are insured in their individual capacities. Accordingly, Plaintiff has no obligation to defend or indemnify Quail Manor Apartments in the state court lawsuit, and on this basis, Plaintiff's Motion for Summary Judgment is hereby **GRANTED.** The Court does not conclude its analysis here, however, as the state court plaintiffs may have the option of adding the Castles, in their individual capacities, as defendants. (Of course there may be a statute of limitations issue or other issues to be resolved before the state court plaintiffs can take such an action.) Assuming the state court plaintiffs successfully join the Castles, Century's argument on this point would be defeated. The Court therefore bases its holding for Plaintiff on the additional and alternative grounds discussed below.

■ Texas courts have consistently upheld exclusions in insurance policies for assault, battery, and other criminal activities. The policy at issue here contains at least two such exclusions. First, the relevant language in the "Special Exclusions and Limitations Endorsement" states:

1.  This insurance does not apply to:

f.  "Bodily injury", "property damage", "personal injury" or "advertising injury" arising out of:

(a) The actual or threatened abuse or molestation by anyone of any person, or

(b) The negligent:

(i) employment;

(ii) investigation;

(iii) supervision;

(iv) reporting to the proper authorities, or failure to so report; or

(v) retention; of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by (a) above.

Second, the section titled "Exclusion—Assault and Battery" states in relevant part:

1.  This insurance does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of:

(a) the actual or threatened assault or battery by any insured or by anyone else for whom the insured is legally responsible; or

(b) the failure of any insured or anyone else for whom any insured is legally responsible to prevent or suppress assault or battery; or

(c) the negligent:

(i) employment;

(ii) investigation;

(iii) supervision;

(iv) training;

(v) retention; of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by (a) or (b) above.

Undoubtedly the fatal assault on Ms. Hoedt is precisely the type of criminal action to which these exclusions pertain. In cases involving similar facts, insureds and plaintiffs in underlying lawsuits have attempted to argue that complaints, like the ones at issue in the state court lawsuit, alleging negligence as the cause of action rather than assault and battery fall outside such an exclusion. Courts have routinely held, however, that where a party's negligence alone did not cause injuries, but instead an injury was a result of two related and interdependent events, one of them being assault and battery, the exclusion applies to bar coverage. *See Burlington Ins. Co. v. Mexican American Unity Council, Inc.,* 905 S.W.2d 359 (Tex.App.— San Antonio 1995, no writ) (insurer had no duty to defend youth home in resident's underlying action alleging that youth home's negligence in allowing her to leave

premises was the cause of her injuries from physical and sexual assault inflicted by an unknown person while she was off the premises); *Garrison v. Fielding Reinsurance, Inc.*, 765 S.W.2d 536 (Tex.App.—Dallas 1989, writ denied) (insurer had no duty to defend or indemnify wrongful death resulting from shooting death based on exclusion for assault and battery caused by insured, employees, patrons, or any other cause); *Tarrant County Ice Sports, Inc. v. Equitable Gen. Life Ins. Co.*, 662 S.W.2d 129 (Tex.App.—Fort Worth 1983, writ ref'd n.r.e.) (insurer had no duty to defend or indemnify stabbing and beating attack on premises due to exclusion in insurance for bodily injuries or death caused by assault and/or battery). In other words, since the state court plaintiffs would not have brought suit against Quail Manor Apartments absent the assault and battery, the claim is one arising out of assault and battery and the exclusion applies. Accordingly, Plaintiff's Motion for Summary Judgment is **GRANTED** based upon the policy's exclusions.

■ Plaintiff points to a third section of the policy which also supports the Court's ruling. That section, titled "Exclusion—Failure to Provide a Safe Environment," states:

1. This insurance does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" which is caused in whole or in part by the failure of any insured, or anyone else for whom any insured is legally responsible, to:

    a. Provide a "safe environment" in which to "reside" or to "visit", or

    b. To warn any person that the insured premises may not provide a "safe environment"

Here again, the state court plaintiffs various allegations regarding Quail Manor's failure to properly secure the premises and failure to investigate complaints fall squarely within this clear and unambiguous exclusion.

## III. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment is hereby **GRANTED.** Based upon the allegations in the state court plaintiffs' original petition, Century Surety Company has no duty to defend or indemnify Quail Manor Apartments or Lamon and Jeannett Castle. All relief not expressly granted is **DENIED.** It is **ORDERED** that the parties file nothing further regarding the issues addressed in this Order, including motions to reconsider and the like, unless supported by *compelling* new evidence not available at the time of the instant submissions. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled, on any matter herein addressed, from the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**

### FINAL JUDGMENT

For the reasons set forth in the Court's Order entered this date, Plaintiff's Motion for Summary Judgment is hereby **GRANTED** and Judgment is entered for Plaintiff. All parties are **ORDERED** to bear their own costs and attorney's fees incurred herein to date.

**THIS IS A FINAL JUDGMENT.**

**IT IS SO ORDERED.**