**AFFIRMED; Opinion Filed April 1, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00299-CV

**BREITLING OIL AND GAS CORPORATION, Appellant**

**V.**

**PETROLEUM NEWSPAPERS OF ALASKA, LLC D/B/A PETROLEUM NEWS BAKKEN, Appellee**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-08494**

## MEMORANDUM OPINION

Before Justices Bridges, Myers, and Brown
Opinion by Justice Myers

Appellant Breitling Oil and Gas Corporation appeals the trial court's order granting appellee Petroleum Newspapers of Alaska, LLC, d/b/a Petroleum News Bakken's motion to dismiss filed pursuant to chapter 27 of the civil practice and remedies code, the Texas anti-SLAPP (Strategic Lawsuits Against Public Participation) statute, referred to as the Texas Citizens' Participation Act (TCPA). *See generally* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001–.011 (West 2015). In two issues, appellant argues (1) the trial court erred by entering the order granting the motion to dismiss because the case had been nonsuited and the trial court's plenary power had expired; and (2) the trial court erred by awarding attorneys' fees without a trial because the evidence submitted created a fact issue as to the amount, reasonableness, and necessity of appellee's attorneys' fees. We affirm.

## BACKGROUND AND PROCEDURAL HISTORY

On July 14, 2013, appellee published an article in the *Petroleum News Bakken* titled: "A mix-up in well names? No records found for wells Breitling says were drilled in North Dakota." The article stated that a review of public records revealed no evidence of certain wells that appellant Breitling, which is involved in the petroleum and gas exploration industry, had publicized to potential investors and to the public on its website. Several weeks later, on August 1, 2013, appellant filed suit against appellee for business disparagement, defamation, defamation per se, and tortious interference with contract and business relations. Appellant alleged that the newspaper "intentionally published false statements" that damaged appellant's reputation and brand. As part of its filing, appellant demanded a jury trial. Appellee filed a general denial.

Appellee filed its motion to dismiss under chapter 27 on October 8, 2013, seeking dismissal of the lawsuit and reasonable attorneys' fees and expenses. Appellee also requested sanctions. The hearing on appellee's motion to dismiss was originally scheduled for December 5, 2013. On December 3, 2013, the parties signed a rule 11 agreement that (1) agreed to continue the hearing on appellee's motion to dismiss until January 6, 2014; (2) established a schedule for appellant to respond to the motion to dismiss; and (3) agreed that neither party would move for leave to conduct discovery or otherwise attempt to engage in discovery until after the motion to dismiss was finally decided.

On December 27, 2013, appellant filed a notice of nonsuit "of all its claims and causes of action without prejudice." Three days later, on December 30, the trial court signed an "Order of Nonsuit Without Prejudice" that reads as follows:

> On the 27th day of December, 2013, Breitling Oil and Gas Corporation ("Plaintiff") filed a Notice of Nonsuit without Prejudice regarding all of its claims and causes of action. Accordingly, the Court enters the following order:
>
> **IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED** that Plaintiff's claims and causes of action are **HEREBY DISMISSED WITHOUT**

**PREJUDICE**.

This order disposes of all claims and causes of action and is final and appealable.

The trial court held the hearing on appellee's motion to dismiss on January 6, 2014, as scheduled. On that same day, appellee filed a brief in further support of its motion to dismiss under chapter 27 of the civil practice and remedies code, arguing it was entitled to recover its reasonable attorneys' fees and expenses and sanctions from appellant "notwithstanding Breitling's recent nonsuit." Appellee's brief included the declarations of Charles L. Babcock and D. John McKay in support of its claim for attorneys' fees.

On January 10, 2014, appellant asked that the deadline for it to respond to appellee's brief and declarations be extended to January 13, 2014. On January 13, appellant filed a reply brief in response to appellee's brief in further support of its motion to dismiss. Appellant's reply included the affidavit of Ryan K. Lurich in opposition to the declarations of D. John McKay and Charles L. Babcock.

The trial court signed its order granting appellee's chapter 27 motion to dismiss on February 5, 2014. The trial court awarded statutory attorneys' fees and expenses totaling $82,444.58, with additional attorneys' fees for appeals. On March 6, 2014, appellant timely filed a notice of appeal.

## DISCUSSION

### 1. The December 30 Order of Nonsuit

In its first issue, appellant argues the trial court erred by entering the February 5 order of dismissal because the case had already been nonsuited and the trial court's plenary power had expired. Appellant asserts that the December 30 order was a final judgment, and that the trial court's plenary jurisdiction then expired thirty days after it signed the order of nonsuit without prejudice. Thus, according to appellant, the trial court had until January 29, 2014 to dispose of

–3–

appellee's motion to dismiss. Since the court did not sign the order of dismissal until February 5, 2014, seven days after appellant claims the trial court's plenary power expired, the February 5 order was void.

We apply a de novo standard of review to the trial court's determination regarding the propriety of dismissal under chapter 27. *See Shipp v. Malouf*, 439 S.W.3d 432, 437 (Tex. App.—Dallas June 24, 2014, pet. denied); *Avila v. Larrea*, 394 S.W.3d 646, 652–53 (Tex. App.—Dallas 2012, pet. denied). In our review, we should take into account the purpose of chapter 27, which "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002 (West 2015); *Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd*., 416 S.W.3d 71, 82 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). Courts are to "construe[ ] [chapter 27] liberally to effectuate its purpose and intent fully." TEX. CIV. PRAC. & REM. CODE ANN. § 27.011(b) (West 2015).

Texas Rule of Civil Procedure 162 addresses nonsuits, and states: "At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes." TEX. R. CIV. P. 162. The rule also provides, however, that, "[a]ny dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a *pending claim for affirmative relief*" and "*shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal*, as determined by the court." *Id*. (emphasis added). Appellee's chapter 27 motion sought dismissal of appellant's lawsuit with prejudice and attorneys' fees, costs, and sanctions. It was, therefore, a "pending claim for affirmative relief" within the meaning of rule 162. *See*

*CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 300 (Tex. 2013) (plaintiff's nonsuit without prejudice had no effect on a defendant's pending claim for affirmative relief, including a request for dismissal with prejudice and an award of fees, expenses, costs, and sanctions); *Villafani v. Trejo*, 251 S.W.3d 466, 467 (Tex. 2008) (nonsuit had no effect on pending relief for dismissal with prejudice and attorneys' fees under statute).

Appellant attempts to distinguish *CTL/Thompson* by pointing out that the statute in that case provided for dismissal with prejudice, while chapter 27 does not expressly authorize dismissals with prejudice. *See CTL/Thompson*, 390 S.W.3d at 301. But we have found no Texas cases supporting this novel interpretation of chapter 27, nor does appellant cite any. Indeed, this Court has indicated that a dismissal under chapter 27 is a dismissal "on the merits." *See Avila*, 394 S.W.3d at 662 (holding that "the trial court erred by not granting appellants' [chapter 27] motion to dismiss on the merits") (citing TEX. CIV. PRAC. & REM. CODE ANN. § 27.005) (West 2015)); *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.005(c), 27.006 (West 2015) (requiring courts to conduct independent review of the evidence submitted to determine whether a plaintiff has established "by clear and specific evidence a prima facie case for each essential element of the claim in question"). Accordingly, under the express language of rule 162, appellant's notice of nonsuit had no effect on appellee's pending chapter 27 motion to dismiss.

As for appellant's argument that the trial court's plenary power expired before it granted appellee's chapter 27 motion to dismiss, we note that, generally, a court's plenary power expires thirty days after it signs a judgment. TEX. R. CIV. P. 329(d). A court cannot issue an order of sanctions after its plenary power has expired. *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex. 1996). However, "[a] judgment dismissing all of a plaintiff's claims against a defendant, such as an order of nonsuit, does not necessarily dispose of any cross-actions, such as a motion for sanctions, unless specifically stated within the order. If other

claims remain in the case, an order determining the last claim is final." *Crites v. Collins*, 284 S.W.3d 839, 840–41 (Tex. 2009) (citing *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 199, 200 (Tex. 2001)); *see also Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 96 (Tex. 2009) (trial court had power to sign sanctions order nine months after signing plaintiff's dismissal order; dismissal order was not final under rule 162 because motion for sanctions was already pending and not specifically referenced by dismissal order).

Under *Lehmann*, a judgment is final "if and only if either [1] it actually disposes of *all claims and parties* then before the court, regardless of its language, or [2] it states with unmistakable clarity that it is a final judgment as to *all claims and all parties*." *Lehmann,* 39 S.W.3d at 192–93 (emphasis added). As *Lehmann* explained, "[a]n order that adjudicates only the plaintiff's claims against the defendant does not adjudicate a counterclaim, cross-claim, or third party claim," and an order disposing "of claims by only one of multiple plaintiffs or against one of multiple defendants does not adjudicate claims by or against other parties." *Id*. at 205. "An order does not dispose of all claims and all parties merely because it is entitled 'final', or because the word 'final' appears elsewhere in the order, or even because it awards costs." *Id*. "Nor does an order completely dispose of a case merely because it states that it is appealable[.]" *Id*. "[T]here must be some other clear indication that the trial court intended the order to completely dispose of the entire case." *Id*. "Language that the plaintiff take nothing by his claims in the case, or that the case is dismissed, shows finality *if* there are no other claims by other parties[.]" *Id*. (emphasis added). If there is any doubt as to a judgment's finality, the question must be resolved by determining the trial court's intention as gathered from the language of the order and the record as a whole, "'aided on occasion by the conduct of the parties.'" *Vaughn v. Drennon*, 324 S.W.3d 560, 563 (Tex. 2010) (per curiam) (quoting *Lehmann*, 39 S.W.3d at 203).

In an analogous case, *American Heritage Capital, LP v. Gonzalez*, 436 S.W.3d 865, 871–72 (Tex. App.—Dallas 2014, no pet.), we determined that a pending request for attorneys' fees and sanctions under chapter 27 prevented a dismissal order from being a final judgment. In that case, American Heritage Capital (AHC) sued Alan and Dinah Gonzalez for defamation and tortious interference with prospective business relationships. *Id*. at 868. Dinah and Alan did not file answers; instead they filed motions to dismiss under chapter 27. *Id*. at 870. In their motions, Dinah and Alan sought not only dismissal of the action but also court costs, attorneys' fees, expenses, and sanctions. *Id*. On January 30, 2012, the trial court granted AHC's partial nonsuit and dismissed AHC's claims against Dinah. *Id*. After hearing Alan's motion to dismiss on March 5, the trial court signed an order on March 6 reciting that Alan's motion to dismiss "is hereby granted and this action is dismiss[ed] against Defendant, Alan Gonzalez, with prejudice to its refiling." *Id*. The order, however, did not dispose of Alan's request for costs, fees, and sanctions, and in the last paragraph the court set a hearing on March 9 "to determine the damages and costs to be awarded Defendant, Alan Gonzalez, pursuant to § 27.009 of the Texas Civil Practice and Remedies Code." *Id*. The word "final" did not appear anywhere in the order, nor did it state that it disposed of all claims and all parties. *Id*. Furthermore, the parties continued to litigate the case for more than thirty days after the signing of the order without the filing of a deadline-extending motion under Texas Rule of Civil Procedure 329b, and on March 26 the trial court signed an order setting the case for trial in October 2012. *See id.* On April 14, 2012, the court signed a judgment awarding Alan attorneys' fees and sanctions. *Id*. at 869.

AHC challenged the timeliness of the notices of appeal, arguing that the March 6 order granting Alan's motion to dismiss was a final judgment and that the April 14 final judgment was therefore void because it was signed after the trial court had lost plenary power. *Id*. Applying *Lehmann*, *Unifund*, and *Crites*, we concluded the March 6 order was not a final judgment:

Alan's motion for sanctions was already pending when the trial judge signed the March 6 order of dismissal, and the order did not fully resolve the motion for sanctions. This prevented the order from being a final judgment. *See Unifund*, 299 S.W.3d at 96–97; *Crites*, 284 S.W.3d at 840–41. Moreover, the March 6 order's express reservation of the issue of "damages and costs" under section 27.009 for determination at a later hearing means that the trial judge's intent to render a final judgment was not "unequivocally expressed in the words of the order itself," as required by *Lehmann*, 39 S.W.3d at 200. And to the extent the conduct of the parties is relevant to finality in this case, *see Vaughn*, 324 S.W.3d at 563, the parties continued to litigate the case after March 6 as though the March 6 order were not a final judgment.

*Id.* at 871–72.

Applying these authorities, we first note that the December 30 order does not state "with unmistakable clarity that it is a final judgment as to *all claims and all parties*." *Lehmann*, 39 S.W.3d at 192–93 (emphasis added). The order recounts that "*Plaintiff* filed a Notice of Nonsuit without Prejudice regarding all of its claims and causes of action" (emphasis added). The trial court "[a]ccordingly" entered an order that "Plaintiff's claims and causes of action are hereby DISMISSED WITHOUT PREJUDICE. This order disposes of *all claims and causes of action* and is final and appealable." *Id.* (emphasis added). The order, however, does not specifically address appellee's then-pending claims for a dismissal with prejudice, attorneys' fees, costs, and sanctions. *Crites*, 284 S.W.3d at 840–81. Nor does it contain the language that "all claims against all parties" are dismissed. *Id.* at 840. Indeed, the order does not mention appellee at all. Moreover, the order's recitation that it is "final and appealable" does not necessarily make it so. *See Lehmann*, 39 S.W.3d at 205. In addition, the order does not "actually" dispose of "all claims and parties then before the court, regardless of its language." *Lehmann*, 39 S.W.3d at 192–93. Appellee filed its motion to dismiss on October 7, 2013, almost three months before the trial court signed the order of nonsuit on December 30, 2013. When it signed the order of nonsuit, the trial court had not ruled on appellee's pending claims for dismissal on the merits, attorneys' fees, costs, and sanctions. And to the extent there is any doubt regarding the lack of finality, the

parties continued to litigate the case after the December 30 order as though it were not a final judgment. The hearing on appellee's motion to dismiss went forward on January 6, 2014, as scheduled, and both appellee and appellant provided the court with additional briefing and evidence. Therefore, we conclude that the December 30 order of nonsuit did not "actually" dispose of all claims against all parties and was not a final judgment. *See Crites*, 284 S.W.3d at 840–41; *Lehmann*, 39 S.W.3d at 192–93; *American Heritage Capital*, 436 S.W.3d at 871–72.

Appellant also contends that the practical effect of appellee's argument would be that the motion to dismiss lives on *indefinitely*. But this argument is refuted by the plain language of chapter 27, which contains specific time limits for when a motion to dismiss must be heard and ruled on. The trial court must set a hearing on the motion to dismiss "not later than the 60th day after the date of service of the motion unless the docket conditions of the court require a later hearing, upon a showing of good cause, or by agreement of the parties, but in no event shall the hearing occur more than 90 days after service of the motion. . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 27.004(a) (West 2015). The court may extend the hearing date to allow discovery, "but in no event shall the hearing occur more than 120 days after the service of the motion. . . ." *Id*. § 27.004(c). Chapter 27 also provides that the motion to dismiss is overruled by operation of law if not ruled upon within thirty days after the date of the hearing on the motion. *See id.* §§ 27.005(a), 27.008(a); *see also Avila*, 394 S.W.3d at 656. Accordingly, because the trial court's December 30 order of nonsuit was not a final order, the court's February 5 order granting appellee's chapter 27 motion to dismiss was not void. We overrule appellant's first issue.

### 2. Attorneys' Fees

In its second issue, appellant argues that the trial court erred by awarding attorneys' fees without a trial because the evidence created a fact issue regarding the amount, reasonableness, and necessity of appellee's attorneys' fees.

–9–

The record shows that appellant demanded a jury at the time it filed its original petition. But at no point during the subsequent briefing to the trial court, according to the record before us, did appellant object to the trial court determining the issue of chapter 27 attorneys' fees, nor did it assert that it was entitled to a jury determination of the reasonableness of attorneys' fees. Appellee's motion to dismiss under chapter 27 asked the court to award it court costs, reasonable attorneys' fees, and other expenses. Appellee's brief in further support of the motion likewise asserted that the court should award appellee reasonable attorneys' fees and expenses. In its reply brief in response to appellee's brief in further support of its motion to dismiss, appellant contested the reasonableness and necessity of the attorneys' fees sought by appellee, and attached an affidavit on the reasonableness of the attorneys' fees, but appellant did not raise any objection to the trial court determining the reasonableness of attorneys' fees, nor did appellant request a jury trial on the issue.

Texas Rule of Appellate Procedure 33.1(a) requires that as a prerequisite to presenting a complaint for review on appeal, the record must demonstrate that the complaint was made to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a). A party waives error by failing to raise it in the trial court. *See Am. Heritage Capital*, 436 S.W.3d at 874 (stating that right to complain on appeal about timeliness of hearing under section 27.004 was waived because the record contained no objections regarding timeliness of the hearing and the party failed to raise the argument in its trial court briefing). And even when a litigant has perfected a right to a jury trial, the right to a jury trial may be waived by a party's failure to act, such as a failure to object to the trial court going forward with a bench trial or a failure to indicate in any way that the party intends to stand on its perfected right to a jury trial. *See In re A.M.*, 936 S.W.2d 59, 61 (Tex. App.—San Antonio 1996, no writ); *Sunwest Reliance Acquisitions Group, Inc. v. Provident Nat'l Assur. Co.*, 875 S.W.2d 385, 387 (Tex. App.—Dallas 1993, no writ).

–10–

Courts have held that a party's failure to timely object to the submission of attorneys' fees to the court waives its complaint on appeal. *See Burlington Ins. Co. v. Mex. Am. Unity Council, Inc.*, 905 S.W.2d 359, 363 (Tex. App.—San Antonio 1995, no writ); *McInnes v. Fife*, No. 14–00–00201–CV, 2001 WL 777078, at *2 (Tex. App.—Houston [14th Dist.] July 12, 2001, no pet.) (not designated for publication).[1]  For all of these reasons, we conclude that appellant failed to preserve its argument for appellate review.  *See* TEX. R. APP. P. 33.1(a).[2]  We overrule appellant's second issue.

The trial court's judgment is affirmed.

140299F.P05

/ Lana Myers/
LANA MYERS
JUSTICE

---

[1] We also note that appellant's reliance on *City of Garland v. Dallas Morning News*, 22 S.W.3d 351 (Tex. 2000), is misplaced because, as stated in the opinion, the City of Garland requested a jury trial on the Dallas Morning News's attorneys' fees claim, the Dallas Morning News objected to the request, and the trial court denied the City's request for a jury trial—eventually awarding the News attorneys' fees and costs following a bench trial on attorneys' fees. *See id*. at 355; *see also City of Garland v. Dallas Morning News*, 969 S.W.2d 548, 551-52 (Tex. App.—Dallas 1998), *aff'd*, 22 S.W.3d 351 (Tex. 2000).

[2] Because we conclude appellant failed to preserve its argument for appellate review, we express no opinion on appellant's suggestion that the reasonableness of mandatory attorneys' fees under chapter 27 is a question for a jury.

–11–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BREITLING OIL AND GAS
CORPORATION, Appellant

No. 05-14-00299-CV          V.

PETROLEUM NEWSPAPERS OF
ALASKA, LLC D/B/A PETROLEUM
NEWS BAKKEN, Appellee

On Appeal from the 298th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-08494.
Opinion delivered by Justice Myers. Justices
Bridges and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that appellee PETROLEUM NEWSPAPERS OF ALASKA, LLC D/B/A PETROLEUM NEWS BAKKEN recover its costs of this appeal from appellant BREITLING OIL AND GAS CORPORATION.

Judgment entered this 1st day of April, 2015.