CONTINENTAL CASUALTY COMPANY, Plaintiff–Appellee,

v.

McALLEN INDEPENDENT SCHOOL DISTRICT, et al., Defendants–Appellants.

No. 87–6133

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 13, 1988.

---

Larry Watts, Houston, Tex., for defendants-appellants.

Alice Giessel, Henry P. Giessel, Houston, Tex., Richard A. Simpson, Ellen M. Vollinger, Ross, Dixon & Masback, Washington, D.C., for plaintiff-appellee.

Before POLITZ, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

McAllen Independent School District appeals from a declaratory judgment holding that an insurance policy issued by Continental Casualty Co. did not cover a student's claims against the school district arising from the student's personal injury. We affirm.

## I

Chad Garcia, a McAllen High School student, suffered burns when he put potassium wrapped in paper towels in his pocket. Garcia sued McAllen Independent School District seeking damages for his injuries and alleging that the school district's safety policies were so inadequate as to rise to the level of a constitutional violation.

At the time of the accident, MISD had two insurance policies, a Board of Education Liability policy issued by Continental Casualty Co., and a Comprehensive General Liability policy issued by Houston General Insurance Co. Continental filed this declaratory action based on diversity jurisdiction, seeking determination that its policy did not cover any claims asserted against MISD arising out of Garcia's accident.[1]

The district court found that the Continental policy did not cover Garcia's injury because it contained a clause excluding coverage for any damages arising from bodily

---

1. Garcia dismissed his original petition without prejudice but did not abandon his claims. Under Texas law, he may file a new action until two years after he reaches the age of majority. The accident occurred in 1984, when Garcia was sixteen; thus, the statute of limitations would run no later than October 24, 1988. The court impliedly found that, in any event, a live case or controversy existed because Garcia continued to press his claims for damages by making settlement demands directly to counsel for Continental.

injury. MISD appeals from this declaratory judgment.

## II

Initially, MISD challenges the district court's exercise of federal jurisdiction, arguing that Continental is estopped from denying that it is a Texas corporation because agents of Continental represented that it was a Texas corporation in an earlier, unrelated lawsuit.

The district court found that Continental was an Illinois "citizen," although it had mistakenly represented itself as a Texas corporation in an unrelated Mississippi state lawsuit. The court found that Continental's mistake was not "cold manipulation" but rather "confused blunder" and held that Continental was not estopped to deny Texas citizenship based on its attorney's prior inconsistent statement. The district court relied on our decision in *In re Southwestern Bell Tel. Co.*, where we said:

Federal Courts deciding federal issues have applied the judicial estoppel doctrine cautiously, usually confining it to circumstances in which the opposing party took action in reliance upon the estopped party's prior stance. Whatever the scope of the doctrine may be, so far as we have been able to discover it has never been employed to prevent a party from taking advantage of a federal forum when he otherwise meets the statutory requirements of federal jurisdiction. People who meet those criteria have a statutory, and indeed a constitutional right to resort to the federal courts.

535 F.2d 859, 861 (5th Cir.1976) (footnotes omitted), *aff'd en banc* 542 F.2d 297 (5th Cir.1976), *judgment vacated*, 556 F.2d 370 (5th Cir.1977). That decision was vacated by the Supreme Court, however, on the ground that the district court's order remanding the cause to state court, no matter how erroneous, was not reviewable. Thus, while *Southwestern Bell* may very well be sound, it is of no precedental value.

In any event, however, we find that under the Texas [2] doctrine of judicial estoppel, Continental is not estopped from denying Texas citizenship. The district court found as a fact that Continental's prior counsel's statements that it was a Texas corporation occurred only through inadvertence, and that finding is not clearly erroneous. Under the Texas doctrine:

Judicial estoppel is a technical rule designed to meet needs of broad public policy. It is directed against those who would attempt to manipulate the court system through the calculated assertion of divergent sworn positions in judicial proceedings. Because the rule looks toward cold manipulation and not an unthinking or confused blunder, it has never been applied where [a party's] assertions were based on fraud, inadvertence or mistake.

*Johnson Serv. Co. v. Transamerica Ins. Co.*, 485 F.2d 164, 175 (5th Cir.1973) (citing *Blackburn v. Blackburn*, 163 S.W.2d 251 (Tex.Civ.App.—Amarillo 1942)).

## III

We also agree with the court that the Continental policy does not cover Garcia's injury. The policy unambiguously excludes coverage:

For any damages, direct or consequential, arising from bodily injury, sickness, disease or death of any person.

MISD argues that Garcia's claim is "constitutional" and is therefore not excluded under the policy. It argues that the court erred in broadly interpreting the exclusion clause because under Texas law, such clauses are to be construed narrowly and against the insurer.

MISD does accurately state Texas law; however, we are persuaded that even under a narrow interpretation, the exclusion clause is applicable. Chad Garcia sought damages for bodily injury, and that is precisely the type of recovery the exclusion clause contemplates. The focus is on the origin of the damages, not the legal theory

---

**2.** The relevant state formulation of the judicial estoppel principle is applicable where nonfederal issues are at stake. *See City of Miami Beach*

*v. Smith*, 551 F.2d 1370, 1377 n. 12 (5th Cir. 1977).

of the claim. *See Foreman v. Continental Cas. Co.*, 770 F.2d 487, 489 (5th Cir.1985) (construing an identical clause).

## IV

 Finally, MISD argues that the district court erred in refusing to grant its plea in abatement urging stay of the proceeding pending resolution of the issue by a Texas state court. Abatement, however, is discretionary, and because the issue presented to the federal court was straightforward, we find no abuse of discretion in the court's denial of MISD's plea.

AFFIRMED.