**CONTINENTAL CASUALTY CO., Appellant,**

v.

**G. Wayne HALL, Individually and as Next Friend of April Lynn Hall, Minor; Ronald Wyatt, Individually and as Next Friend of Nichole Wyatt, Minor; and Martin Urand, Appellees,**

and

**CONTINENTAL CASUALTY CO., Appellant,**

v.

**KATY INDEPENDENT SCHOOL DISTRICT, Appellee.**

Nos. A14–86–00873–CV, A14–86–00688–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 20, 1988.

Rehearing Denied Nov. 23, 1988.

Alice M. Giessel, Henry P. Giessel, Houston, Royal H. Brin, Jr., Dallas, Richard A. Simpson, Washington D.C., for appellant.

Jeffrey D. Horner, Larry Watts, Larry J. Doherty, W. Michael Leebron, II, George P. Hardy, III, Kelly Frels, Houston, Bob Roberts, Austin, for appellees.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

MURPHY, Justice.

This case arises from injuries sustained by children during a school sponsored tug-of-war, and appellant Continental Casualty Company's [hereinafter Continental] assertion that the Board of Education Liability [hereinafter BEL] policy it carried for the Katy Independent School District [hereinafter KISD] specifically excluded coverage for such injuries. We reverse the judgments of the trial court, and render judgment in favor of Continental.

In February of 1981, KISD students April Hall and Nichole Wyatt were participating in tug-of-war while at school. During the exercise, a knot tightened around the children's hands. Before the girls could extricate themselves, Hall had lost three fingers and Wyatt had had the skin and fingernails pulled from her fingers. In July of 1984, Hall and Wyatt filed suit in federal court against KISD, and ten employees, among whom was Martin Urand, the teacher supervising the tug-of-war. The federal action alleged the children had suffered damages as a result of the infringement of their constitutionally protected interests and rights to a safe educational environment, free from risk to their bodily integrity.

Following notice of the suit, Continental informed KISD that its BEL policy, provision IV(b)(3), specifically excluded coverage:

"(b) The Insurer shall not be liable to make any payment for loss in connection with any claim against the Assureds.

. . . . .

(3) *for damages, direct or consequential, arising from bodily injury, sickness, or death of any person,* or for damage to or destruction of any tangible property including loss or use thereof." [Emphasis added.]

Continental suggested KISD contact its general liability carrier. After a protracted exchange of letters with KISD, Continental itself contacted KISD's general liability carrier, Fidelity & Casualty. Fidelity answered the federal action, and filed a motion for summary judgment demonstrating that a single instance of negligence did not, as a matter of law, rise to the level of infringement of constitutional rights. Hall and Wyatt did not respond to the motion for summary judgment.

While the federal action was still pending, Hall and Wyatt filed suit in the district court of Fort Bend County against only Martin Urand. Urand shortly thereafter signed stipulations of liability. The trial court entered a consent judgment, awarding Hall and Wyatt $10.9 million damages; approved a covenant not to execute judgment in which Urand assigned all his rights against Continental to Hall and Wyatt; and issued a protective order sealing the file. Neither KISD, Fidelity & Casualty, the general liability carrier, nor Continental received notice of these state court proceedings.

After the consent judgment in the state court had become final, Hall and Wyatt agreed to dismissal of the federal court action—with prejudice as to some defendants, but without prejudice as to Urand and KISD. They then demanded payment from

Continental on the consent judgment and, subsequently, filed the instant suit in the same state district court against Continental and KISD. KISD cross-claimed against Continental on the basis of the BEL policy.

The trial court granted a motion for partial summary judgment in favor of the appellees Hall, Wyatt and Urand on the question of Continental's obligation to provide coverage under the BEL policy. The trial court ruled that, as a matter of law, the BEL policy covered appellees' claims and that Continental was liable for the face amount of the consent judgment. The trial court simultaneously overruled Continental's motion for summary judgment, which asserted that the policy unambiguously excluded coverage for these claims.

KISD filed a motion for summary judgment. KISD asserted that the trial court's ruling on the earlier motion for partial summary judgment was dispositive as to its cross-claim to recover attorney's fees and the costs of defending both the federal and state court actions. The trial court granted KISD's motion, holding Continental liable for attorney's fees and costs, and ordered Hall and Wyatt take nothing from KISD.

Only the issues concerning the DTPA and insurance code violations were submitted to the jury. The trial court rendered judgment for appellees for damages in excess of $22.5 million.

The seminal issue before this court is whether the trial court was correct in ruling that the BEL policy provided coverage for these claims. We find it was not.

Under even a narrow construction of the exclusion clause, the policy unambiguously excludes claims arising from bodily injury. In determining the applicability of the exclusion, our focus must be on the origin of the damages, not the legal theory asserted for recovery. *Continental Casualty Co. v. McAllen Independent School District*, 850 F.2d 1044, 1046–47 (5th Cir. 1988); *Continental Casualty Co. v. City of Richmond*, 763 F.2d 1076, 1080–81 (9th Cir.1985). Hall and Wyatt seek damages arising from the physical injuries to their hands, unquestionably bodily injury. The BEL policy excludes such claims from coverage. *See Continental Casualty v. McAllen*, 850 F.2d at 1046–47, and *Foreman v. Continental Casualty*, 770 F.2d 487, 489 (5th Cir.1985) (construing identical exclusion clauses).

Accordingly, the trial court erred in granting the partial summary judgment in favor of Hall, Wyatt and Urand, and the summary judgment in favor of KISD. Since the policy, as a matter of law, excludes appellees' claims, the trial court erred by failing to grant summary judgment in favor of Continental. Continental's points of error one, two, eleven, one hundred fourteen, and one hundred fifteen are sustained.

Due to the disposition of these points, it is unnecessary to reach Continental's remaining points of error.

The judgments of the trial court are reversed, and judgments entered for Continental.