**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 13, 2011

No. 11-20178
Summary Calendar

Lyle W. Cayce
Clerk

VERONICA JOHNSON,

Plaintiff

v.

HANKOOK TIRE AMERICA CORPORATION; HANKOOK TIRE
MANUFACTURING COMPANY,

Defendants-Appellees

v.

WESLEY BALL,

Appellant

Appeal from the United States District Court
for the Southern District of Texas
(10-MC-422)

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

This matter arises from an attorney's improper retention of confidential materials after settlement of a case in a Texas state court. The appellant, Wesley Todd Ball (Ball), represented various plaintiffs in a case which was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20178

settled with the appellees, Hankook Tire America Corporation et. al., (Hankook) in February, 2009.  Through discovery, Ball obtained various documents and confidential materials including a plant inspection video and photographs that belonged to Hankook.  The settlement incorporated a confidentiality agreement, which required Ball to return all confidential materials to Hankook at its request.  In February, 2009, Hankook requested the return of the materials at the end of the action; Ball failed to properly return the materials after the settlement of the case. Ball posted Hankook-related information on his website and in August, 2010, a plaintiff's attorney in the instant case, which is pending in the Northern District of Mississippi, caused a subpoena to be issued from the Southern District of Texas commanding Ball to produce or permit copying of the videotape depicting an inspection conducted at a Hankook facility in Korea. Ball sent correspondence to Hankook informing it of his intention to comply and that Ball still retained the confidential materials.  Hankook moved to quash. Ball communicated that he intended to implead the materials with a Texas court; later in a district court hearing, the court ordered Ball to produce all confidential materials by December 2, 2010.  The district court sanctioned Ball for failure to obey court orders and misrepresentations made to the court.  We AFFIRM.

## Facts

Ball is a licensed attorney in the State of Texas who represented various plaintiffs in a suit against Hankook in *Morales-Cota et. al. v. Hankook Tire America Corp. et. al.*  The case settled in February, 2009. Ball obtained a plant inspection of the Hankook manufacturing facilities during the *Morales-Cota* action and also acquired various materials through discovery, including a videotape, photographs, and other proprietary information. The materials were subject to a confidentiality agreement. Under the agreement, Ball agreed to return all confidential materials when the settlement was funded. And Hankook made requests for the return of these materials at the conclusion of the lawsuit.

2

No. 11-20178

Hankook received a letter from Ball dated August 26, 2010, stating that Ball was subpoenaed on August 23 by the district court to produce and permit the inspection and copying of the videotape that Ball had in his possession. Ball sent a second correspondence on August 30, 2010 that reiterated his intent to comply with the federal subpoena and confirmed that he possessed a copy of the plant video, pictures of the plant taken during inspection, and a host of other documents produced during litigation. Ball asserted that he would keep all of these materials at his office per the agreement.

The following day, Hankook filed a motion to quash the subpoena and for a protective order in the Southern District of Texas because Ball had no lawful right to possession or distribution of Hankook's confidential materials. It asserted that Ball is neither a party nor an attorney for any parties in the current Veronica Johnson suit. And he was served with a subpoena because he made it publicly known through his website that Ball obtained the right to inspect the plant in Korea and offered information to similarly situated plaintiffs. The Honorable Keith P. Ellison entered an Order granting the motion to quash without prejudice. A second subpoena dated September 27 sought production of the videotape related to the inspection of the plant. On October 1, 2010, Ball sent correspondence to Mr. Skip Lynch, plaintiff's attorney in the instant action, stating that "Considering the previous letters and motions to quash, I intend to implead the information into the registry of the 280th District Court," where the *Morales-Cota* case was tried. However, Ball did not deposit the materials with this court. Hankook filed a second motion to quash the subpoena on the basis that Ball had no lawful right to possess or distribute Hankook's confidential materials.

On October 26, 2010, the court for the Southern District of Texas issued an Order commanding Ball to deliver "all transcriptions and copies in whatever medium of the videotape of an inspection of the Hankook Daejun plant in

3

Korea." Ball delivered the videotape. The court also set a hearing for the motion to quash and protective order for November 2, 2010.  In the hearing, Ball asserted that his office did not send back all of the materials but kept them confidential. The court issued an oral Order at the hearing requiring Ball to produce the remaining materials in his possession by December 2, 2010 at 10:00 a.m.  It also advised a hearing would be set to confirm the contents of the production. As December 2 passed, Ball did not produce any materials to Hankook and he failed to make appropriate representations that he no longer possessed Hankook's confidential materials or that the materials were destroyed. According to Ball, he had complied with the district court's November 2 Order because he had no more confidential materials to produce. On January 4, 2011, Judge Lynn N. Hughes issued an Order for instant production of confidential materials  described in the subpoena or, under oath, describe with specificity how he returned or destroyed them. U.S. Marshals served the subpoena and Ball stated at the time of delivery that he did not have any of the items because they had been destroyed. He provided no further details.

The district court held a sanctions hearing on February 25, 2011. The court  found various inconsistencies with Ball's statements related to this matter. The court pointed out that Ball's October, 2010 letter unequivocally asserted that Ball was in possession of confidential materials; but at the hearing, Ball represented that his letter was discussing non-confidential information. The court also pointed out that Ball wrote a letter saying that he would implead materials to the court; however, Ball ultimately did not implead these materials. He apparently destroyed the documents. But the court had issued an Order which commanded Ball to produce and return them to Hankook, the lawful owner of the materials. Ball was deposed before the February 25, 2011 hearing and testified that the materials had been destroyed. Ball did not provide specific information related to the destruction process.

No. 11-20178

## Standard of Review

"We review de novo the district court's invocation of its inherent power and the sanctions granted under its inherent power for abuse of discretion [ ]." *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 590 (5th Cir. 2008)(citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 54 (1991)). Inherent power is "necessarily incident to the judicial power granted under Article III of the Constitution." *Gonzalez v. Trinity Marine Group, Inc.*, 117 F.3d 894, 898 (5th Cir. 1997)(citing *Woodson v. Surgitek, Inc.* 57 F.3d 1406 (5th Cir. 1997)).

## Discussion

*Sanctions by the District Court*

As a preliminary matter, Ball questions whether the district court has jurisdiction over this issue. Ball contends that the proceedings fall outside of the court's subject-matter jurisdiction. Jurisdiction is proper. The record shows that Ball was required to appear in the district court in accordance with a valid subpoena and Order issued by that court to produce or permit inspection of the videotape or other confidential materials Ball inappropriately possessed. And the court had authority under Fed. R. Civ. P. 45(e) to sanction Ball for failure to obey the subpoena. Thus, Ball's appearance was proper and subsequent hearings and court Orders were all related to Ball's conduct and the confidential materials in his possession.

(1)

From early in the federal courts' history it has been understood that "[c]ertain implied powers must necessarily result to our courts of justice from the nature of their institution," powers "which cannot be dispensed with in a court because they are necessary to the exercise of all others.*" Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.,* 2 F.3d 1397, 1407 (quoting *United States v. Hudson*, 7 Cranch 32, 34, 3 L.Ed. 259 (1812). "When inherent powers are invoked...they must be exercised with "restraint and discretion." *Gonzalez,*

No. 11-20178

117 F.3d 894, 898 (5th Cir. 1997) (citing *Chambers*, 501 U.S. at 44). When parties exploit the judicial process, through its inherent powers, a court may sanction conduct beyond the reach of other rules. *Natural Gas Pipeline Co.*, 2 F.3d at 1407.

The record shows that Ball did not obey Orders issued by the district court. In the November 2, 2010 hearing, the district court judge, the Honorable Lynn N. Hughes, issued an Order to Ball, directing him to produce and return confidential materials in his possession to Hankook. Ball asserted that he knew exactly what Hankook was looking for and that it would take some time to pull and look through boxes; accordingly, Ball requested thirty days to comply with the court's Order. He also represented at the November 2 hearing that his office neither returned nor destroyed the materials; rather, they kept them and maintained their confidentiality. The court orally commanded Ball to produce the materials by 10:00 a.m. on December 2, 1010. Despite the Order, Ball failed to either produce anything on that date or make proper representations that he in fact did not have any confidential materials in his possession. At the February 25, 2011 hearing, Ball stated that the district court's Order was unequivocal and it was his own fault for failing to comply. He contended that his failure was due to a misunderstanding. But the record shows that the Order was clear and Ball's failure to comply is sanctionable. *See Jim Walter Res. v. Int'l Union, United Mine Workers of America*, 609 F.2d 165, 168 (5th Cir. 1980)("[i]ntent is not an issue..."(I)n civil contempt proceedings the question is not one of intent but whether the alleged contemnors have complied with the court's order.""").

The district court Order of October 26, 2010 commanded Ball to deliver to the district court all transcriptions and copies in whatever medium of the videotape of the inspection on the Hankook plant. This Order follows a correspondence by Ball dated August 30, 2010, where he asserted his intention to comply with the federal subpoena and made an affirmative declaration that

6

he retained a copy of both the plant inspection video and pictures, among other documents. Ball produced the videotape but failed to return the photographs or explain what happened to the photographs. The district court Order was clear and the date between the court's Order and Ball's correspondence was just short of one month apart. Ball failed to return the confidential photographs and he did not confirm their destruction. Therefore, Ball violated the court's Order and the district court did not abuse its discretion in sanctioning Ball's conduct.

(2)

The district court found Ball's inconsistent statements and misrepresentations "troubling." As mentioned above, Ball sent correspondence on August 30, 2011, asserting that he had in fact retained the videotape and confidential photographs along with other materials. This correspondence followed an August 23, 2010 subpoena, which was subsequently quashed, ordering Ball to produce the plant inspection videotape. This subpoena was likely inspired by Ball's advertisement on his website about his opportunity to inspect Hankook's facility. He then dispatched a letter dated October 1, 2010, to various interested parties stating that, "[c]onsidering the previous letters and motions to quash, I intend to implead the information into the registry of the 280th District Court." The only reasonable conclusion from this correspondence is that Ball continued to possess confidential materials that belonged to Hankook as he was fully aware through the subpoenas that the court and a plaintiff in a separate lawsuit sought them.

Ball produced the videotape pursuant to the district court's October 26 Order but failed to produce the photographs. Ball also failed to implead any information into the registry of the 280th District Court after representing that he would. When the court asked about this failure, Ball contended that he could no longer find the court because the 280th sitting judge moved and the "280th ceased to exist." The district court properly pointed out that courts are created

No. 11-20178

by statute and do not just disappear; mid-hearing the court conducted a thirty-second Google search in front of Ball to identify the judge and new address of the court. Later in the hearing, Ball provided a completely different reason for his failure - he contended that he did not implead the materials to the 280th District Court because Judge Lindsay did not allow protective orders and that everything had to be filed in open court.  So, first Ball maintained that he could not find the court.  Then he maintained that he did not implead the confidential materials to the 280th because the judge would not allow protective orders.  This representation is nonsensical because in the same hearing, Ball represented that the materials he actually possessed-the materials he intended to implead-were not confidential documents. This would then necessarily mean that there was no need for a protective order.

At the November 2, 2010 hearing, Ball made representations that his office had not returned or destroyed the materials but had kept them confidential; the district court then issued an Order to return them by December 2, 1010.  Ball failed to respond or return any confidential materials on that day. Hankook filed a motion to compel to enforce the November 2, 2010 Order and on January 4, 2011, when U.S. Marshals served Ball with a subpoena to instantly produce all confidential information, he stated that all materials had been destroyed, despite a court Order instructing him not to do so. When questioned about the destruction, Ball could not articulate when, how, by whom, or in what manner the materials were destroyed.

Ball argues that he made inadvertently inconsistent representations and was sloppy in this entire matter. But the record suggests more than mere sloppiness. The Orders from the court were clear, correspondence from Ball was clear, and Ball's misrepresentations to the court were clear. Ball had ample opportunities to simply return the confidential materials but decided against it.  His misrepresentations and conduct wasted time and scarce judicial resources.

No. 11-20178

The evidence supports the district court finding that Ball did not act in good faith with interested parties. Because Ball violated district court Orders and made misrepresentations to the court, sanctions are proper. Therefore, we AFFIRM.