# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-31101

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2013

Lyle W. Cayce
Clerk

CITY OF ALEXANDRIA

Plaintiff-Appellee

v.

C L E C O, Corporation, et al.

Defendants

v.

LARRY ENGLISH

Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:05-CV-1121

Before DAVIS, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

Larry English ("English"), an attorney, appeals from a $3,000 sanction, issued under the district court's inherent powers, for violation of a protective order requiring certain documents to be filed under seal. The court below found that English's violation was "inadvertent." Nonetheless, the court issued sanctions. Because sanctions issuing under a court's inherent power require a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-31101

"specific finding that the attorney acted in 'bad faith,'" *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995), the district court abused its discretion. For the following reasons we VACATE the district court's sanctions.

**I**

This appeal arises from a lawsuit between the City of Alexandria ("the city") and a corporate contractor, Cleco Corporation ("Cleco"). The city retained several private attorneys for representation in the lawsuit. After some time, the city informed one of these attorneys that her services were no longer necessary. To seek compensation for her work, this private attorney personally intervened in the lawsuit. She retained English to represent her. As part of the litigation, the city's mayor was scheduled to be deposed. Believing that the deposition could be misused and publicized for political purposes, the city moved the court for a protective order. The magistrate judge issued such an order, which required, among other provisions, that the written transcript was to remain sealed and not to be divulged to any party outside the lawsuit. English was present when the magistrate gave this order, and indicated that he understood its requirements.

However, a mere week later, English filed a motion and a supporting memorandum of law which specifically referenced the mayor's deposition testimony. This filing was not made under seal, and as a result, the public could access its contents. The city moved for sanctions, claiming that English's failure to file the documents under seal violated the protective order. The magistrate judge convened a hearing on the motion for sanctions. English informed the court that he was in a rush when he filed the documents, stating, "[t]here was no intent in any way to violate the court's order. It was an oversight on my part." The magistrate judge accepted this version of events as fact, stating in his findings that "I'll take you at your word, Mr. English, that [the violation] was inadvertent. I take you at your word that your daughter

2

No. 12-31101

was hollering at you and you wanted to get to see her and that was a lot more fun than fooling with this motion. I take all of that at face value and accept it, sir, but nevertheless, the order was violated and I find so." Then, drawing on the inherent authority of a court to enforce its orders, the magistrate ordered English to pay the city $500 (in attorney's fees for the sanctions action), and the clerk of court a $2,500 fine.

English petitioned the district court to reverse the magistrate's sanctions, arguing that he had not acted in bad faith. The district court denied the request in a one paragraph order. English asked for reconsideration, which was also denied. This timely appeal followed.

## II

This court reviews "de novo a district court's invocation of its inherent power and the sanctions granted under its inherent power for an abuse of discretion." *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 590 (5th Cir. 2008). The power to sanction an attorney for misconduct is inherent in the federal courts. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991). However, courts must exercise this inherent power with "restraint and discretion." *Id.* at 44. To guide a court's discretion, we have determined that finding bad faith is a necessary predicate to issuing an inherent power sanction. *See Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995) ("In order to impose sanctions against an attorney under its inherent power, a court must make a specific finding that the attorney acted in bad faith.") (internal quotations omitted).

The magistrate judge did not make a specific finding that English acted in bad faith when he filed the documents without placing them under seal. In fact, the magistrate found that English's action was merely "inadvertent." Inadvertence is inconsistent with a finding of bad faith. *See Maguire Oil Co. v. City of Houston*, 143 F.3d 205, 211–12 (5th Cir. 1998) ("[M]ere negligence does not trigger a court's inherent sanctioning power."). We hold that the district

No. 12-31101

court abused its discretion by imposing sanctions under the court's inherent powers without finding that English had acted in bad faith.[1]

## III

The district court's sanctions order is VACATED.

---

[1] The city argues that sanctions should be upheld based on *Johnson v. Hankook Tire Am. Corp.*, 449 F. App'x 329 (5th Cir. 2011) (unpublished). *Johnson* is readily distinguished from the case at bar, however, because the district court found that the sanctioned attorney "did not act in good faith." *Id.* at 334. In *Johnson*, the lower courts made the requisite bad faith finding, which is absent here.