# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10309

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2014

Lyle W. Cayce
Clerk

JACQUELINE WILSON, Whose Death Has Been Suggested,

Plaintiff

BILLY BOB WILSON, Substituted on Behalf of Jacqueline Wilson, Deceased; CAROLINE JEAN WILSON, Substituted on Behalf of Jacqueline Wilson, Deceased,

Appellants

v.

NOVARTIS PHARMACEUTICALS CORPORATION,

Defendant – Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CV-684

Before SMITH, DeMOSS, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Appellants Billy and Caroline Wilson appeal the district court's orders vacating a prior substitution order, dismissing the case pursuant to Rule 25(a),

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10309

and denying Appellants' Rule 59(e) motion to alter or amend the judgment. For the following reasons, we affirm the district court's orders.

## I.

In January 2006, Jacqueline Wilson filed this products liability suit against Appellee Novartis Pharmaceuticals Corporation ("Novartis"). Jacqueline died while the case was in multidistrict litigation ("MDL"). On February 1, 2008, counsel for Jacqueline's children, Billy and Caroline, filed a suggestion of death in which counsel represented that Billy and Caroline were the "personal representatives" of their mother's estate. On May 7, 2008, counsel filed a motion for substitution in which counsel again represented that Billy and Caroline were the "personal representatives" of the estate. The MDL court granted the motion for substitution in reliance on counsel's representations. In October 2012, after the case was transferred from the MDL court to the Northern District of Texas, the district court issued an order requiring Billy and Caroline to file proof of their status as personal representatives of their mother's estate. Billy and Caroline filed two motions for extensions of time to file proof, which the district court granted. In their third motion for an extension of time, Billy and Caroline acknowledged that they had never been appointed personal representatives of their mother's estate.

On December 19, 2012, the district court issued an order vacating the 2008 substitution order pursuant to its inherent authority to sanction abusive litigation practices. The district court found that Billy and Caroline, through counsel, twice misrepresented to the court that they were the personal representatives of their mother's estate (in the suggestion of death and motion for substitution), obtained the 2008 substitution order "through deception" on the court, and then litigated the case for five years without legal authority to represent the estate. The court further gave the parties one month to file

No. 13-10309

"whatever motion or other document they thought to be appropriate considering the rulings made by the court."

Billy and Caroline filed a motion to vacate the court's December 19 sanction order. Novartis filed a motion to dismiss the case under Federal Rule of Civil Procedure 25(a). The district court denied Billy and Caroline's motion to vacate the December 19 sanction order. The district court then granted Novartis's motion to dismiss under Rule 25(a) on the ground that—five years after the suggestion of death—there was no plaintiff in the case and no pending motion for substitution. Billy and Caroline subsequently filed a Rule 59(e) motion to alter or amend judgment, which the district court denied. Billy and Caroline timely appealed.[1]

## II.

Appellants contend that the district court abused its discretion in sanctioning them by vacating the 2008 substitution order. "A district court has the inherent authority to impose sanctions 'in order to control the litigation before it.'" *Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010) (citation omitted); *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995). This inherent authority includes the power to sanction "abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). "Because of their very potency, inherent powers must be exercised with

---

[1] As a preliminary matter, Novartis contends that Appellants should be judicially estopped from claiming that this case satisfies the amount-in-controversy requirement for diversity jurisdiction based on Appellants' representations in a Texas muniment of title application. Assuming that judicial estoppel applies in the subject-matter-jurisdiction context, *cf. In re Sw. Bell Tel. Co.*, 535 F.2d 859, 861 (5th Cir. 1976), *rev'd on other grounds*, *Gravitt v. Sw. Bell Tel. Co.*, 430 U.S. 723 (1977); *Lara v. Trominski*, 216 F.3d 487, 495 n.9 (5th Cir. 2000), we decline to invoke judicial estoppel in this case. The statements in question are not "plainly inconsistent," and any inconsistency appears to have been "inadvertent." *See Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011) (en banc) (setting forth the elements for judicial estoppel); *see also Cont'l Cas. Co. v. McAllen Indep. Sch. Dist.*, 850 F.2d 1044, 1046 (5th Cir. 1988).

restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Accordingly, "[t]his court has held that such sanctions should be confined to instances of 'bad faith or willful abuse of the judicial process.'" *Woodson*, 57 F.3d at 1417.

"We review a court's imposition of sanctions under its inherent power for abuse of discretion." *Chambers*, 501 U.S. at 55; *Tollett v. City of Kemah*, 285 F.3d 357, 363 (5th Cir. 2002). "An abuse of discretion occurs where the 'ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence.'" *Tollett*, 285 F.3d at 363 (citation omitted).

Appellants have not shown that the district court abused its discretion in vacating the 2008 substitution order. The MDL court's Case Management Order ("CMO") set forth detailed procedures for the substitution of parties and put counsel on notice that the status of "personal representative" of an estate could require "the opening of an estate" and formal "appointment" under applicable state law. The CMO required counsel "to initiate or cause to be initiated proceedings" for the appointment of a personal representative within thirty days of the plaintiff's death. The CMO further required counsel to file a motion for substitution within ninety days of filing the suggestion of death. Finally, the CMO warned that failure to comply could result in dismissal in accordance with Rule 25(a). Counsel expressed an awareness of the requirements of the CMO and Rule 25(a) in the suggestion of death.

Despite this awareness, counsel violated the CMO by failing to initiate proceedings for the appointment of a personal representative within thirty days of Jacqueline Wilson's death and by filing a motion for substitution after the ninety-day deadline. Counsel further falsely represented to the court that Appellants were the "personal representatives" of their mother's estate in two filings—the suggestion of death and motion for substitution. Counsel made these representations when in fact Appellants had never been appointed

No. 13-10309

personal representatives of their mother's estate; nor had counsel initiated proceedings for appointment. The MDL court issued its 2008 substitution order in reliance on counsel's false representations. Counsel then litigated the case on behalf of Appellants for five years, through discovery and summary judgment, without legal authority to represent the estate. On this record, we cannot say that the district court abused its discretion in vacating the 2008 substitution order.[2]

## III.

Appellants next contend that the district court erred in dismissing the case pursuant to Rule 25(a). We review the district court's interpretation of the Federal Rules of Civil Procedure *de novo*. *See Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich.*, 97 F.3d 822, 827 (5th Cir. 1996). Rule 25(a)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). Rule 25(a)(1) further provides that "[i]f the motion [for substitution] is not made within 90 days after service of the statement noting the death, the action by or against the decedent must be dismissed." *Id.*

We conclude that the district court did not err in dismissing the case pursuant to Rule 25(a) where there was no plaintiff in the case and no pending motion for substitution five years after the suggestion of death. As discussed above, the district court properly vacated the 2008 substitution order that was issued in reliance on counsel's misrepresentations. Following this ruling, there was no plaintiff in the case to continue the litigation. Nor had there been a proper plaintiff in the case for the past five years. The court gave Appellants

---

[2] *See, e.g.*, *Johnson v. Hankook Tire Am. Corp.*, 449 F. App'x 329, 334 (5th Cir. 2011) (upholding sanctions imposed for misrepresentations to the court); *Crowe v. Smith*, 151 F.3d 217, 239 (5th Cir. 1998) (same); *United States v. Reed*, 106 F.3d 396 (5th Cir. 1997) (same); *see also Diehl v. United States*, 438 F.2d 705, 709 (5th Cir. 1971) (affirming the vacatur of a substitution order obtained through misrepresentations).

No. 13-10309

one month to file any motions they deemed appropriate. Appellants did not file a motion for an extension of the ninety-day deadline to file a legally proper motion for substitution. Instead, Appellants filed a motion to vacate the December 19 sanction order, challenging the district court's authority to issue the order. As the district court observed, Appellants chose "to stand or fall" on the 2008 substitution order, which had been vacated. We perceive no error in the district court's dismissal of the case in these circumstances.

## IV.

Finally, Appellants do not offer any arguments or cite any authority in their briefs to challenge the district court's denial of their Rule 59(e) motion. Accordingly, Appellants have abandoned any challenge to this ruling on appeal. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

## V.

For the foregoing reasons, the district court's judgment is AFFIRMED.